David Campbell, Special J.,
delivered the opinion of the Court.
On the first day of May, 1860, the Bank of Tennessee brought suit, in the Circuit Court of Montgomery, against G. D. Martin, G. A.'Henry and Thomas F. Henry, for the sum of seven hundred dollars debt, and two hundred dollars damages. At the May Term, 1860, the Bank filed its declaration, in which it demands of the defendants $700 due by note, dated 23d of June 1859, payable ninety days after date, drawn by G. D. Martin, and indorsed by G. A. and Thomas F. Henry, avering presentment - and demand of payment, protest for non-payment, and notice to the parties. “The defendant, by Attorney, filed,”- it is said, in the record, his plea, in the words and figures following, to-wit: “Demurrer, plea, payment.” Upon argument of the demurrer, at the September Term, 1861, the same was overruled, and a verdict was, upon issues, joined as stated in the record, found for the Bank, for the sum of seven hundred and one-fifteenth-one-hundredth dollars, debt, and the sum of fifty-sis and seven-one-hundredth dollars, damages; for which judgment was given. From this judgment the defendants appealed in error to this Court. There is no bill of exceptions, and nothing to show what evidence was adduced before the jury on the trial.
1. The demurrer was properly overruled. It and the plea were filed together, and each of them went to the whole declaration. A party cannot, by the rules of law, demur to the whole declaration, and *334 at the same time plead to the whole declaration; and if he does, the plea itself overrules the demurrer. Besides, there is no defect upon the face of the declaration, which sets out a good and sufficient cause of action against the defendants. If there were any substantial variance between the note described in the declaration and the one actually intended to be described, and the defendants wished to avail themselves of the defect by demurrer, they should have craved oyer of the note, and had the same set out upon oyer upon the record, as part of the plaintiff’s case, and then demurred for the variance, if there were one, between the note described in the declaration and the one so set upon oyer. Without this thing being done, the Court is necessarily confined, in its consideration of a general demurrer, to the statement of the cause of action made in the cause of action, and cannot look at any supposed paper as a foundation of the action.
2. The presumption of law is, in the absence of a bill of exceptions setting out the proof, that there was sufficient evidence before the jury to authorize and sustain the verdict. If, in that stage of the case, the defendants conceived that there was an essential variance between the note described in the declaration and the one adduced in evidence, if there were one so adduced, they ought to have objected to the reading of the note as evidence; and if objections were overruled, and the objectionable note admitted as evidence, to have excepted to the action of the Court, and taking their bill of exceptions, setting out the *335 note. But there is, as the Court has already stated, no bill of exceptions in this record, and this Court is furnished with no judicial information as to what evidence was before the jury. There is in the transcript, what purports to be a copy of a note, but there is nothing, judicially, to connect this note with the case. The Court, therefore, can take no notice of it.
3. The debt demanded in the writ and declaration, is, as has been shown, seven hundred dollars, and the damages two hundred. The judgment below, was, as we have seen, for the sum of seven hundred and one dollars and fifteen cents, and the damages were fifty-six dollars and seven cents, while the damages here will exceed the amount laid in the writ. But, under the provisions of the Code, the writ and declaration can be amended here in affirmance and support of the proceedings of the Court below.
With this slight modification, there is no error in the judgment of the Court bglow; and with this correction, the same is affirmed.